UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JEROME CHANEY                                          CIVIL ACTION

VERSUS

                                                       NO. 24-901-SDD-SDJ

AMERINATIONAL COMMUNITY
SERVICES, LLC, ET AL

ORDER

Before the Court is a Motion for Sanctions (R. Doc. 45) filed by Defendant AmeriNational Community Services, LLC ("AmeriNat"). Plaintiff has not responded to this Motion, and the deadline for filing an opposition has passed. *See* Local Civil Rule 7(f) (responses to motions are due within 21 days). As such, the Court considers Defendants' Motion unopposed. AmeriNat moves this Court for sanctions for the submission of a pleading that is without basis in fact or law. For the following reasons, the Motion for Sanctions is **denied.**

## I.    Factual and Procedural Background

On October 30, 2024, Plaintiff Jerome Chaney filed a Complaint in this matter. (R. Doc. 1). Mr. Chaney filed an action for damages, alleging he could not get financing for a mortgage due to violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* by Defendants AmeriNational Community Services, LLC, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC. (R. Doc. 1 at 1). The Complaint alleges that Mr. Chaney purchased a home on or around November 30, 1998, using two mortgage loans. (R. Doc. 1 at ¶ 9), that the second that the second mortgage loan was in the amount of $10,000 and payable to the City of Baton Rouge-Parish of East Baton Rouge (R. Doc. 1 at ¶ 10), that Mr. Chaney fell behind on his first mortgage (R. Doc. 1 at ¶ 11), that the first mortgage lender foreclosed its mortgage on Mr. Chaney's home in 2001 and sold the home on or about April 18,

2001. (R. Doc. 1 at ¶¶ 12-15). The Complaint further alleges that the foreclosure sale accelerated the second mortgage loan (R. Doc. 1 at ¶ 16), that AmeriNat became the servicer of the second mortgage loan in 2018, that AmeriNat reported negative information regarding the second mortgage loan to Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union LLC (R. Doc. 1 at ¶ 17), that is information was obsolete (R. Doc. 1 at ¶ 18), and that Mr. Chaney disputed this reporting and AmeriNat refused to correct it (R. Doc. 1 at ¶¶ 19, 24- 26).

On November 25, 2024, Counsel for AmeriNat informed Mr. Chaney's counsel that the debt evidenced by the note which was secured by the second mortgage was still outstanding. (R. Doc. 45-1). AmeriNat also made a settlement proposal in this correspondence. AmeriNat's counsel followed up on January 14, 2025, March 10, 2025, March 13, 2025, March 18, 2025, and March 20, 2025. Mr. Chaney's counsel refused to respond or otherwise engage in any discussions with AmeriNat's counsel. (R. Doc. 45-1).

On March 27, 2025, AmeriNat served its First Set of Requests for Admission, First Set of Interrogatories, and First Set of Requests for Production (collectively, the "Requests") on Mr. Chaney. (R. Doc. 44-4). Mr. Chaney's responses to the Requests were due on April 28, 2025. (R. Doc. 44-4). Mr. Chaney was also provided with the RFAs on or about May 27, 2025, and, again, he has not responded or requested an extension. The effect of this failure is to admit the matters set forth in the RFAs. FCRP 36(a)(3). As a result of these admissions, the matters set forth in them are "conclusively established" in this litigation. FRCP 36(b). The following statements are deemed admitted: "that the allegations in the Complaint with respect to AmeriNat have no basis in law or fact" and that "AmeriNat fully complied with the FCRA in its dealings with [him]." (R. Doc. 44-4 at 7-8).

On June 18, 2025, AmeriNat filed a Motion for Summary Judgment. (R. Doc. 44). Plaintiff filed a Motion for Extension to Respond to the Motion for Summary Judgment. (R. Doc. 48). Despite the extension, however, Plaintiff submitted no opposition to AmeriNat's Motion for Summary Judgment. On August 8, 2025, this Court granted AmeriNat's Motion for Summary Judgment, particularly because AmeriNat's State of Undisputed Facts was uncontroverted, and the summary judgment evidence submitted supported AmeriNat's arguments. (R. Doc. 50).

In support of its Motion for Summary Judgment, AmeriNat filed a Statement of Material Facts (R. Doc. 44-2), which stated that "[t]he entire principal balance of the Second Note is due and owing" and "[t]he information appearing in Mr. Chaney's credit reports with respect to the Second Note is true and accurate." (R. Doc. 44-2). AmeriNat also stated that "Mr. Chaney ignored all of AmeriNat's attempts to contact him to discuss the status of the Second Note." (R. Doc. 44-2).

As required by FRCP 11(c)(2), counsel for AmeriNat served Mr. Chaney's counsel with copies of the instant Motion, along with the accompanying Memorandum and Exhibits, on May 23, 2025, to give Mr. Chaney an opportunity to dismiss the Complaint as to AmeriNat. Mr. Chaney declined to do so. AmeriNat filed the instant Motion on June 18, 2025.

**II.    Law**

Federal Rule of Civil Procedure 11 provides, in pertinent part:

(b) By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
...
(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

...

(c)(3) On the Court's Initiative. On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b).

In *Heisler v. Kean Miller, LLP*, the Eastern District of Louisiana explained: "[t]he purpose of Rule 11 is to deter baseless filings in the district court, and to spare innocent litigants and overburdened courts from the filing of frivolous lawsuits. No. 21-724, 2021 WL 5919507, *3 (E.D. La. Dec. 15, 2021) (citing *Cotter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393(1990)). The United States Fifth Circuit Court of Appeals has interpreted Rule 11 to impose three affirmative duties, which an attorney or litigant, by signing a pleading, written motion, or other paper, certifies he has complied with:

(1) the duty to conduct a reasonable investigation into the facts supporting the document (2) the duty to conduct a reasonable inquiry into the law to ensure the document "embodies existing legal principles or a good faith argument for extension, modification or reversal of existing law"; and (3) the duty to certify that a document is not filed or interposed merely for purposes of delay, harassment, or increasing litigation costs.

*Id.* (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1019, 1023–24 (5th Cir. 1994)). District courts have wide latitude to impose sanctions under Rule 11 as district court rulings under Rule 11 are reviewed for abuse of discretion. *Id.* (citing *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 802 (5th Cir. 2003)). District courts possess discretion in determining the nature of the appropriate sanction. *Id.* (citing *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 873 (5th Cir. 1988)). Rule 11 sanction decisions must comport with due process requirements. *Brown v. Clark*, No. CV 18-1069-SDD-RLB, 2022 WL 2445006, at *4–5 (M.D. La. July 5, 2022). Further, courts must ensure that notice and an opportunity to be heard have been given before Rule 11 sanctions may be imposed. *Id*. This requirement is generally satisfied by "[s]imply giving the individual

accused of a Rule 11 violation a chance to respond through the submission of a brief." *Id.* (quoting *Childs v. State Farm Mut. Auto. Ins. Co.*, 29 F.3d 1019, 1023–24 (5th Cir. 1994)).

### III.    Analysis

Based on the record, an award of Rule 11 sanctions is unwarranted. AmeriNat served written discovery with the expectation that Mr. Chaney would not respond and thus the statements in AmeriNat's requests for admission would be "deemed admitted" and "conclusively established" for future purposes of litigation, namely, an award of summary judgment in favor of AmeriNat. AmeriNat never filed a motion to compel discovery responses from Mr. Chaney, despite Mr. Chaney's lack of a response to several correspondences.

On November 25, 2024, Counsel for AmeriNat informed Mr. Chaney's counsel that the debt evidenced by the note which was secured by the second mortgage was still outstanding. (R. Doc. 45-1). AmeriNat's counsel followed up on January 14, 2025, March 10, 2025, March 13, 2025, March 18, 2025, and March 20, 2025. Mr. Chaney's counsel refused to respond or otherwise engage in any discussions with AmeriNat's counsel. (R. Doc. 45-1).

Shortly thereafter, on March 27, 2025, AmeriNat served its First Set of Requests for Admission (the "RFAs"), First Set of Interrogatories, and First Set of Requests for Production (collectively, the "Requests") on Mr. Chaney. (R. Doc. 44-4).  Mr. Chaney's responses to the Requests were due on April 28, 2025. (R. Doc. 44-4). Mr. Chaney was also provided with the RFAs on or about May 27, 2025, and, again, he has not responded or requested an extension.  The effect of this failure is to admit the matters set forth in the RFAs. FCRP 36(a)(3). As a result of these admissions, the matters set forth in them are "conclusively established" in this litigation. FRCP 36(b).

AmeriNat argues that Mr. Chaney now admits that "that the allegations in the Complaint with respect to AmeriNat have no basis in law or fact" and that "AmeriNat fully complied with the FCRA in its dealings with [him]." (R. Doc. 44-4 at 7-8). However, neither Mr. Chaney nor his counsel *explicitly* admitted that the Complaint filed was "frivolous and lacked basis in law or fact". The Court has no additional, substantive evidence that Mr. Chaney and/or his legal counsel *intentionally filed* the Complaint against AmeriNat *knowing* the allegations were false and that the claims against AmeriNat indeed had no basis in fact or law. AmeriNat must demonstrate that the Complaint was objectively unreasonable at the time it was made, or that the litigation was conducted in bad faith, vexatiously, or for an improper purpose. The record here does not support such a finding.

The Complaint was not dismissed on the pleadings, nor did AmeriNat move to dismiss at the outset of the case. Instead, AmeriNat served discovery requests, including requests for admission, to which Mr. Chaney failed to respond. As a result, those requests were deemed admitted by operation of Rule 36, and AmeriNat thereafter prevailed on summary judgment based on those admissions. While Mr. Chaney's failure to participate in discovery was improper and ultimately dispositive, that failure does not establish that the lawsuit was frivolous when filed or that Mr. Chaney acted in bad faith in initiating the Complaint.

AmeriNat had procedural mechanisms available to address Mr. Chaney's failure to respond to discovery requests while the case was pending. For example, AmeriNat could have moved to compel responses or sought appropriate relief under Rule 37 but did not do so. Relief there could have included an award of attorney's fees. AmeriNat instead elected to proceed directly to summary judgment based on deemed admissions. Although Mr. Chaney's failure to respond to discovery and to oppose the instant motion is concerning, the Court must tether any sanction award

to a specific finding of sanctionable conduct supported by the record. While AmeriNat's strategic approach to this litigation was lawful, ethical, and, ultimately, successful, it did not create a record that supports sanctions under Rule 11.  On the record presented, the Court cannot conclude that Mr. Chaney's claims were objectively baseless at the time of filing or that Mr. Chaney litigated this matter in bad faith.

### IV.    Conclusion

Accordingly,

**IT IS ORDERD** that AmeriNat's Motion for Sanctions is **DENIED.**

Signed in Baton Rouge, Louisiana, on March 30, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**